1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| HOLLINS TIZENO | Case No. CV 12-5157-BRO-RNB |
| Petitioner, | **PROTECTIVE ORDER FOR DISTRICT ATTORNEY FILES** |
| v. | |
| LELAND McEWEN, WARDEN, | |
| Respondent. | |

Based upon the Stipulation of the Parties and, GOOD CAUSE APPEARING, IT IS ORDERED THAT,

1.    The PROTECTED DOCUMENTS shall be used solely in connection with the preparation and trial of this action, Case No. CV 12-5157-BRO-RNB, or any related appellate proceeding, and not for any other purpose, including any other litigation.  This paragraph shall not preclude the Petitioner's or Respondent's attorneys of record in this case from indicating, in connection with discovery or a discovery motion in another action, an awareness of responsive documents.  In indicating such awareness in any other action, the Petitioner's and Respondent's attorney of record shall not disclose the substance of the Confidential Information.

2.    The PROTECTED DOCUMENTS shall be treated as confidential by Petitioners and Respondents and their respective  counsel and shall not be further disclosed, disseminated or otherwise distributed except as provided in this

1  Protective Order.

2      3.      The PROTECTED DOCUMENTS, or any portion thereof, may not be

3  disclosed, distributed or disseminated except as provided in subparagraph (d) below.

4      4.      The PROTECTED DOCUMENTS, or any portion thereof, may only be

5  disclosed to the following persons:

6          (a)      Counsel for Parties only and specifically not to Petitioners with

7  the exception of any recordings, written or otherwise, of Petitioners own statements;

8          (b)      All members of the Parties' legal teams, including, but not

9  limited to, paralegal, investigative, support, stenographic, clerical and secretarial and

10  related  personnel regularly employed by counsel referred to in subparagraph (1)

11  above.

12          (c)      The Court and Court personnel, including stenographic reporters

13  engaged in such proceedings as are necessarily incidental to preparation for the trial

14  of this action; and

15          (d)      Expert witnesses designated by Petitioner's or Respondent's

16  counsel solely for the purpose of this litigation.

17      5.      Furthermore, each person (except Court personnel) to whom disclosure

18  of The PROTECTED DOCUMENTS, or any portion thereof, is made, with the

19  exception of those identified in subparagraph d. above who are presumed to know

20  the contents of this Protective Order, shall, prior to the time of disclosure, be

21  provided a copy of this Protective Order by the person furnishing him/her such

22  material, and shall agree on the record or in writing that he/she has read the

23  Protective Order, and that he/she understands the provisions of the Protective Order,

24  and that he/she agrees to be bound by the provisions of this Protective Order.  Such

25  person (except Court personnel) also must consent in writing to be subject to the

26  jurisdiction of the United States District Court, Central District of California, with

27  respect to any proceeding relating to enforcement of this Order, including without

28  limitation, any proceeding for contempt.  Unless made on the record in this

1  litigation, counsel making the disclosure to any person described above shall retain

2  the original executed copy of said agreement until final termination of this litigation.

3        6.     If the PROTECTED DOCUMENTS, or any portion thereof which were

4  not part of a public filing, are to be filed with the Court by any of the parties to this

5  STIPULATION, in any form, the party who wishes to do so shall prepare the

6  Application required by Local Rule 79-5.1 beforehand.

7        7.     Nothing in paragraph 4 is intended to prevent officials or employees of

8  the County of Los Angeles or other authorized governmental officials from having

9  access to the PROTECTED DOCUMENTS if they would have had access in the

10  normal course of their job duties.  Further, nothing in this Protective Order prevents

11  subsequent attorneys representing Petitioners or Respondents in a re-trial or other

12  post-trial proceedings from gaining access to the PROTECTED DOCUMENTS to

13  the extent they are otherwise available through ordinary discovery procedures or

14  similar means.  Finally, nothing in this Order precludes a witness from disclosing

15  events or activities personal to him or her; that is, a witness can disclose to others

16  information previously given to the County of Los Angeles with respect to what he

17  or she saw, heard or otherwise sensed.

18        8.     The foregoing is without prejudice to the right of the Petitioner,

19  Respondents and the DA:

20            a.     To apply to the Court for a further protective order relating to

21  confidential material or relating to discovery in this litigation; and

22            b.     To apply to the Court for an order compelling production of

23  documents or modification of this protective order or for any order permitting

24  disclosure of documents or the information contained therein the terms of this

25  protective order.

26            c.     Petitioner and Respondents do not waive any right to assert, inter

27  alia, that the DA does not have a legitimate interest or need to limit access to

28  documents reflecting and/or related to its internal decision making process in

1  Petitioner's or Respondent's case and do not waive their respective rights seeking

2  discovery of these documents.  Petitioner and Respondent do not waive their rights

3  to seek disclosure of any and all documents in the possession of the DA relating to

4  the District Attorney files for the cases subpoenaed and identified above on any and

5  all applicable grounds, including but not limited to his rights and guarantees

6  afforded to them by law.

7          9.      Once the Protective Order issues, the following schedule will take

8  effect, subject to extraordinary circumstances or by mutual agreement of the

9  Plaintiff, Defendants and the DA:

10              a.      Within Fifteen (15) days of the notice to counsel for the DA, of

11  the Court's entry of the Protective Order, the DA will make available, for inspection

12  and/or photocopying, the non-privileged, non-confidential documents in its

13  possession, custody or control, which are responsive to the above-referenced

14  subpoenas duces tecum.  Petitioner will bear the reasonable cost of duplicating the

15  materials.

16              b.      The Petitioner shall place a stamp on each PROTECTED

17  DOCUMENT marked "Confidential–Subject to Protective Order."  The marking

18  shall not, to the extent practicable, prevent or impede the reading of the text of the

19  PROTECTED DOCUMENT.  If through its inadvertence, surprise or neglect, the

20  Petitioner does not label a PROTECTED DOCUMENT as indicated, counsel for

21  Petitioner shall so notify the DA and shall place the phrase "Confidential–subject to

22  Protective Order," on the PROTECTED DOCUMENT.

23              c.      Within Thirty (30) days after the date that an Order terminating

24  this litigation becomes no longer subject to judicial review, counsel for Petitioner

25  shall promptly return to the DA all copies of the PROTECTED DOCUMENTS and

26  shall certify it has not retained any such documents, or portions thereof except as

27  required by the Court.

28          10.     This Protective Order, when entered into by the Court, shall be

1  retroactive to the date of the initial disclosure of documents made by the DA in this

2  matter.

3       11.    This Protective Order is entered into without prejudice to the right of

4  any party and/or the DA to file any motion for relief from the Court from any

5  restriction hereof or for any other or further restriction on the production, exchange,

6  or use of any documents, testimony, or other information produced, given, or

7  exchanged in the course of discovery in this action.  Further, by entering into this

8  Protective Order, neither Petitioner nor Respondent waive the right to file a Motion

9  in Limine regarding all or a portion of the PROTECTED DOCUMENTS.  This

10 Order may be modified, amended, or vacated by further Order of the Court.

11      12.    This Protective Order shall survive the final determination for this

12 action and shall remain in full force and effect after conclusion of all proceedings

13 herein, and the court shall have continuing jurisdiction to enforce its terms.

14

15 IT IS SO ORDERED.

16

17 DATED: June 16, 2014

_____

HON. ROBERT N. BLOCK
United States District Court
Magistrate Judge

18

19

20 Presented by:

21  /s/  Stephen T. Niwa
   _____
22 STEPHEN T. NIWA
   Deputy County Counsel
23
   Attorneys for Los Angeles County
24 District Attorney's Custodian of Record

25

26

27

28